UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDY TOWNSEND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:24-cv-00216-SEP |
| ) | |
| WAYNE COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion for default judgment, Doc. [18]. As set forth below, the motion is denied but Plaintiff may refile it according to the Court's instructions.

### FACTUAL BACKGROUND

Plaintiff filed this action on November 20, 2024, alleging she was sexually abused as a pretrial detainee at Wayne County Jail by Wayne County Sheriff's Department employee James Goudey, bringing claims under 42 U.S.C. § 1983 and tort law for infliction of emotional distress, assault, and battery, requesting compensatory and punitive damages. Doc. [1]. Plaintiff filed an executed summons reflecting service upon Defendant James Gouedy on January 18, 2025. Doc. [14]. Plaintiff also sued Wayne County; Dean Finch, the Sheriff of Wayne County; and Christopher Schulz, an employee of Wayne County. Doc. [1]. On August 19, 2025, Plaintiff filed a stipulation dismissing all defendants except Defendant Gouedy in light of a settlement, which the Court ordered. Docs. [19], [20]. To date, Defendant Gouedy has not appeared personally or through counsel or filed any response in this action. In her motion for default judgment, Plaintiff requests that Defendant Gouedy "be prevented from arguing against [P]laintiff's Complaint and, for such other and further relief as the Court deems just and proper." Doc. [18] at 2. With the motion, Plaintiff filed the return of service for Defendant Gouedy, Doc. [18-1], and a proposed order providing only that Gouedy "be prevented from arguing against Plaintiff's Complaint at issue in this case." Doc. [18-2].

### DISCUSSION

A party entitled to judgment by default is required to prove the amount of damages to be awarded. *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). That party must establish, with reasonable certainty, the basis for an award of damages. *Everyday Learning*

*Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming district court's decision to not award damages where damages were "speculative and not proven by a fair preponderance of the evidence"). Although a defaulting defendant "is deemed to have admitted all well pleaded allegations in the complaint," *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n.7 (8th Cir. 1988), the plaintiff must prove the facts as to the amount of damages to a reasonable degree of certainty. *Id.* at 1333; *Everyday Learning Corp.*, 242 F.3d at 818. A default judgment cannot be entered until the damages amount has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Plaintiff has not made clear if she is seeking monetary damages; nor has she provided evidence supporting any particular amount of such damages. Plaintiff's motion for default judgment, Doc. [18], is therefore denied without prejudice to refiling with greater clarity about damages. Plaintiff may either clearly state that she is not seeking damages, or she may provide evidence establishing her entitlement to a certain amount of damages based on the facts in the Complaint. *See Everyday Learning Corp.*, 242 F.3d at 818. The parties are advised that the Court intends to decide the matter on Plaintiff's submissions and Defendant(s)' response, if any, and does not deem an evidentiary hearing or oral testimony necessary at this time. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [18], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days from the date of this Order to file an appropriate motion for default judgment, either clearly requesting no monetary damages or requesting a specific amount supported by all affidavits, documentation, and other evidence necessary for assessing damages, along with an appropriate proposed default judgment for entry by the Court. Any affidavits and declarations must be signed under penalty of perjury, and they and all other relevant materials must be filed with the motion. Extraneous or irrelevant material will not be considered.

Dated this 4th day of February, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE